**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSPPI**
**GREENVILLE DIVISION**

**LINDA ROBERTS**                                                                            **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO.**    **4:23CV72-DMB-DAS**

**UTTAM LLC, UTTAM 2 LLC,**
**RAJINDER KUMAR, and**
**JOHN DOES 1-10**                                                                      **DEFENDANTS**

<u>**COMPLAINT**</u>
<u>**JURY TRIAL DEMANDED**</u>

      COME NOW the Plaintiff, LINDA ROBERTS, by and through counsel, and in support of this, her Complaint for damages against the Defendants, respectfully allege the following:

      1.     Plaintiff, LINDA ROBERTS, is an adult resident citizen of Kansas City, Missouri.

      2.     UTTAM LLC is domestic limited liability company which is incorporated in the State of Mississippi and maintains its principal place of business in the State of Mississippi. Defendant may be served with process by and through personal service upon its registered agent, Jatinder Gosain at 114 Dunleith Way, Clinton, MS 39056.

      3.     UTTAM 2 LLC is domestic limited liability company which is incorporated in the State of Mississippi and maintains its principal place of business in the State of Mississippi. Defendant may be served with process by and through personal service upon its registered agent, Rajinder Kumar at 1200 Tanglewood Drive, Clinton, MS 39056.

      4.     RAJINDER KUMAR is an adult resident citizen of Clinton, MS who may be served with process at 1200 Tanglewood Drive, Clinton, MS 39056.

      5.     JOHN DOES 1-10 are fictitious and unknown parties whose negligent acts caused

or contributed to the Plaintiff's injuries. The identity of these parties is unknown at this time and can only be ascertained through the use of judicial mechanisms such as discovery. Upon learning the identity of this party or parties, the Plaintiffs may substitute it/them for the fictitious parties under Rule 9(h). Alternatively, in the event that the Plaintiffs have sued the wrong party and is required to change parties, such amendment will be made in accordance with Rule 15(c).

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over the parties.

7. This Court has subject matter jurisdiction over this cause, pursuant to pursuant to Title 28 U.S.C §1332 as the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8. Venue is proper in the United States District Court for the Northern District of Mississippi, Greenville Division pursuant to Title 28 U.S.C §1391 as same is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

9. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

10. On or about November 8, 2021, Plaintiff, Linda Roberts, was an invitee at the 35/55 Truck Stop located at 33853 MS Hwy 35, Vaiden, Mississippi (hereinafter "the subject premises").

11. Defendants own, operate and/or manage the subject premises.

12. While on the premises as an invitee, Plaintiff tripped and fell over merchandise or a box which was improperly, negligently and hazardously left in an aisle which was intended to be a walkway for customers.

13. As a proximate cause of the aforementioned fall, Plaintiff sustained bodily

injuries and damages.

## CAUSE(S) OF ACTION

### PREMISES LIABILITY AND NEGLIGENCE

14. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

15. The aforementioned occurrence and the resulting injuries and damages were directly and proximately caused by or contributed to by the negligence of the Defendant(s), including, but not necessarily limited to, direct acts of negligence committed by Defendant(s)' employees which include all allegations hereafter, and in their failure to exercise a proper degree of care in the following respects, to-wit:

(a) By carelessly and/or negligently failing to exercise reasonable care to properly maintain the premises in a reasonably safe condition;

(b) By failing to take sufficient and adequate remedial action to eliminate the hazardous condition despite having actual and/or constructive knowledge of the hazardous condition prior to Plaintiff's incident;

(c) By failing to adequately inspect and maintain the premises;

(d) By negligently creating the hazardous condition;

(e) By failing to warn of the hazardous condition;

(f) By other acts of negligence which will be shown at the trial of this cause.

### NEGLIGENT TRAINING AND SUPERVISION

16. Defendant(s), by and through its acts of negligence and/or the negligence of its employees, contractors or agents for which they are vicariously liable and for which the their employees, agents and contractors are individually liable, created the hazardous condition by failing to exercise the reasonable care required to create a reasonably safe premises and failed to

maintain the premises in a reasonably safe condition. Specifically, the Defendants, by their failure to implement safety policies and procedures and by individual acts of negligence on the part of their managerial staff, negligently permitted the hazardous condition to remain on the premises by the failure to train, monitor, and supervise its personnel to maintain the premises in a reasonably safe condition.

## DAMAGES

17. Defendants' breach of these duties was a proximate and contributing cause and/or concurrent cause of the incident and the resulting injuries to the Plaintiff.

18. As a further direct and proximate cause of Defendant's disregard for Plaintiff's safety and well being and other negligent acts, Plaintiff suffered serious bodily injuries and incurred substantial monetary damages. These damages include, but are not limited to the following:

   (a) past, present and future medical expenses;
   (b) past, present and future physical pain and suffering;
   (c) past, present and future mental and emotional distress;
   (d) past, present and future inconvenience and discomfort;
   (e) permanent impairment and/or disability;
   (f) past, present and future lost wages, loss of wage earning capacity and/or loss of access to labor market;
   (g) any other relief, which the Court or jury deems just or appropriate based upon the circumstances.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants for actual, compensatory damages, non-pecuniary damages, attorney's fees and costs.

Respectfully submitted, this the ___ of April, 2023.

                                                   LINDA ROBERTS,
                                                   PLAINTIFF

                               By:     */s/Shanda M. Yates*
                                                     SHANDA M. YATES


**OF COUNSEL:**

Shanda M. Yates (MSB No. 102687)
Yancy B. Burns (MSB No. 99128)
**BURNS & ASSOCIATES, PLLC**
P.O. Box 16409
Jackson, MS 39236
Phone: 601-487-6997
Fax: 601-487-6958
syates@burnsandassociateslaw.com
yburns@burnsandassociateslaw.com

Michael Crawley Steele, PLLC
P.O. Box 1695
Kosciusko, MS 39090
Phone: 662-289-1127
attorneymichaelsteele@yahoo.com